**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-520-RJC
(3:93-cr-254-RJC-1)**

| | |
|---|---|
| **TERRY JACKSON BENNETT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 seeking relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), (Doc. No. 1), a supporting memorandum, (Doc. No. 2), the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5), and Petitioner's Motion to Respond to Government's Motion to Dismiss, (Doc. No. 7). Also pending are Respondent's Motion for Extension of Time, (Doc. No. 4), and Motion to Seal, (Doc. No. 6), and Petitioner's Motion to Amend, (Doc. No. 8), and Motion for Default Judgment, (Doc. No. 9). For the reasons that follow, the Motion to Vacate will be dismissed with prejudice as procedurally defaulted.

**I.    BACKGROUND**

Petitioner was charged in the underlying criminal case with: (1) conspiracy to possess with the intent to distribute cocaine, (2) using and carrying firearm during and in relation to a drug trafficking crime, and aiding and abetting the same; and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (3:93-cr-254, Doc. No. 1).

1

He pled guilty to the § 922(g) offense charged in Count (3) pursuant to a written plea agreement in exchange for the Government's dismissal of Counts (1) and (2). (3:93-cr-254, Doc. No. 27). As part of the plea agreement, the parties stipulated that Petitioner qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e) and that the appropriate disposition of the case is a 15-year sentence. (3:93-cr-254, Doc. No. 27 at 2). The plea agreement provides that, so long as the sentence does not exceed the maximum applicable sentencing guideline range, Petitioner knowingly and expressly waives his right to contest either the conviction or sentence in any post-conviction proceeding under 28 U.S.C. § 2255 except on the allegation of ineffective assistance of counsel or prosecutorial misconduct. (3:93-cv-254, Doc. No. 27 at 3).

The presentence investigation report ("PSR") prepared on April 27, 1994, calculated the base offense level as 24 for violating 922(g)(1). (3:93-cr-254, Doc. No. 79 at ¶ 15). Four levels were added because Petitioner used or possessed a firearm or ammunition in connection with another felony offense, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. (3:93-cr-254, Doc. No. 79 at ¶ 16). Three levels were deducted for acceptance of responsibility. (3:93-cr-254, Doc. No. 79 at ¶ 22). This resulted in an offense level of 27. (3:93-cr-254, Doc. No. 79 at ¶ 22). However, the PSR concluded that Petitioner qualifies as an armed career criminal with an offense level of 34. After applying a reduction for acceptance of responsibility, the total offense level was 31. (3:93-cr-254, Doc. No. 79 at ¶ 25). Because the criminal history category for an armed career criminal is VI, the resulting guideline range became 188-235 months' imprisonment and three to five years of supervised release. (3:93-cr-254, Doc. No. 79 at ¶¶ 46, 69, 72).

In a judgment docketed on July 7, 1994, the Court sentenced Petitioner as an armed career criminal to 180 months' imprisonment followed by five years of supervised release. (3:93-cr-254, Doc. No. 33).

The Court granted the United States' Rule 35 motion to modify the sentence on March 23, 1995. (3:93-cr-254, Doc. Nos. 40, 42). The Amended Judgment, docketed on May 3, 1995, reduced the sentence of imprisonment to 120 months, and the term of supervised release remained five years. (3:93-cr-254, Doc. No. 43).

Petitioner filed a § 2255 petition that was docketed as a new civil case, number 3:95-cv-91-RDP. (3:93-cr-254, Doc. No. 39). The Court denied relief on June 15, 1995. (3:93-cr-254, Doc. No. 44).

Petitioner was released from prison in June 2002 to begin serving his five-year term of supervised release. See (3:93-cr-254, Doc. No. 65 at 1). Less than three years later on September 14, 2004, a probation arrest warrant was issued alleging that Petitioner violated supervised release by, *inter alia*, committing the new law violation of possession with intent to sell and deliver cocaine and marijuana. (3:93-cr-254, Doc. Nos. 65, 75). Petitioner admitted the violations and, on September 13, 2006, the Court docketed a judgment revoking Petitioner's supervised release and sentencing him to 24 month's imprisonment to run consecutively to any other sentence.[1] (3:93-cr-254, Doc. No. 78). He did not appeal.

---

[1] In the new case arising from the acts resulting from the probation revocation, case number 3:04-cr-315-RJC, Petitioner pled guilty to possession with intent to distribute cocaine base and assault, resist, impede a government official. He was sentenced in that case to 235 months' imprisonment followed by four years of supervised release. (3:04-cr-315, Doc. No. 94). Petitioner filed a § 2255 petition in the 2004 criminal case that was docketed as a new civil case, number 3:16-cv-429-RJC. The Court denied § 2255 relief because the career offender sentence in case number 3:04-cr-315 was unaffected by Johnson pursuant to Beckles v. United States, 137 S.Ct. 886 (2017).

On June 22, 2016, the Fourth Circuit granted Petitioner permission to file a successive § 2255 petition to attack his sentence pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1-1).

Petitioner argues in his § 2255 Motion to Vacate that he is not an armed career criminal because two of his prior convictions, misdemeanor assault and walk-away escape from a work release job, are not predicate violent felony offenses for purposes of the Armed Career Criminal Act ("ACCA"). Neither of these prior convictions "consist of violence or resulted in anything" and do not satisfy ACCA's force clause. (Doc. No. 1 at 4). Without the ACCA enhancement, his guideline range would have been 36 months' imprisonment. His enhanced sentence and supervised release sentence are both based on the illegal ACCA "root" and therefore his present supervised release revocation sentence violates due process. (Doc. No. 2 at 1-2). Petitioner claims that he is currently "under" the ACA sentence and the supervised release revocation sentence that came from it. (Doc. No. 2 at 5). Further, he argues that the supervised release sentence violates due process because the guideline range increases to the level for Grade A violations pursuant to U.S.S.G. § 7B1.1, if the violation is a crime of violence under § 4B1.2. Applying this section to Petitioner violates due process pursuant to Johnson, which must be applied retroactively in the guidelines context. Petitioner contends that his claim is cognizable under § 2255 because he is serving an ACCA supervised release sentence that exceeds the statutory maximum and is based on a constitutional error. This petition is timely under 2255(f)(3) because it was filed within a year of Johnson's issuance.

The Government does not contest the instant petition's timeliness. Instead, it argues that Petitioner's Johnson claim is procedurally defaulted because he did not raise it on direct appeal. In addition, the Government asserts that the 24-month sentence Petitioner received after the term of

supervised release was revoked did not exceed the statutory maximum he could have received if he had only been sentenced for a § 922(g) offense without the ACCA enhancement. Therefore, even if Petitioner could show he was improperly sentenced to five years of supervised release rather than three years, he has not shown he is entitled to a reduced sentence because the violation occurred and the revocation sentence imposed were within the statutory limits for a non-enhanced § 922(g) offense.

## II. PROCEDURAL DEFAULT

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). As a general matter, a petitioner cannot raise an argument in a post-conviction proceeding that he did not raise earlier on direct appeal. See, e.g., Sanchez-Llamas v. Oregon, 548 U.S. 331, 351 (2006) (citing Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621).

Courts may excuse procedural default where a defendant is able to demonstrate "cause" and actual "prejudice," or actual innocence. Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977)); see United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

"Cause" to excuse a procedural default requires "some objective factor external to the defense [that] impeded counsel's efforts to comply" with the procedural requirements to raise a claim. Murray, 477 U.S. at 488; Mikalajunas, 186 F.3d at 490. For instance, "cause" is established "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984).

Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494); Strickler v. Green, 527 U.S. 263, 289 (1999).

Here the Court examines the prejudice prong first and finds Petitioner's claim lacking. Petitioner cannot establish prejudice to excuse his procedural default because the Johnson claim is meritless for the reasons set forth in the Discussion section, *infra*. He does not allege actual innocence. Therefore, his procedural default of this claim is not excused and the § 2255 Motion to Vacate is dismissed with prejudice.

### III. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV.  DISCUSSION

Petitioner appears to argue that his present supervised release revocation sentence is illegal because the original criminal sentence was improperly enhanced under ACCA, pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

As a preliminary matter, any attempt by Petitioner to attack the original 1994 sentence based on Johnson is dismissed as moot because his sentence of incarceration has expired. See Spencer v. Kemna, 523 U.S. 1, 14-18 (1998) (expiration of defendant's sentence following parole revocation after his 2254 had been filed mooted his 2254 because he failed to demonstrate collateral consequences); see also United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998) (holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect at the date the defendant possessed the firearm).

Petitioner's Johnson claim with regards to his present 24-month sentence is meritless. Liberally construing Petitioner's *pro se* pleadings, he appears to argue that his present supervised release revocation sentence violates due process because it is a collateral consequence of the allegedly illegal 1994 ACCA-enhanced sentence. However, Petitioner violated the conditions of his supervised release less than three years after he was released from prison on his 1994 conviction. Therefore, even if he did not qualify for ACCA sentencing on his 1994 conviction, he cannot demonstrate prejudice because his supervised release violation occurred within the three-year statutory maximum term of supervised release under § 922(g) without the ACCA enhancement. Compare Kimbrel v. Batts, 196 F.Supp.3d 811 (W.D. Tenn. July 20, 2016) (granting defendant's § 2255 Johnson claim on government's concession where defendant's supervised

7

release violation occurred more than a year *after* the term of supervised release should have expired).

Petitioner's supervised release was revoked based, in part, on his commission of the new offense of possession with intent to distribute cocaine, which is a Grade A felony controlled substance offense. U.S.S.G. § 7B1.1(a)(1) ("Grade A violation" is defined to include a federal offense punishable by more than a year that (i) is a crime of violence; (ii) is a controlled substance offense; or (iii) involves possession of a firearm or destructive device); see U.S.S.G. § 7B1.1(b)("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Johnson is factually inapplicable to this case because Petitioner's violation is a controlled substance offense rather than a "crime of violence." Petitioner's new offense is therefore a Grade A violation notwithstanding Johnson. Moreover, Petitioner cannot demonstrate prejudice because his present 24-month sentence is within the statutory maximum as well as the guideline range had he not been sentenced under ACCA in 1994.

Petitioner's guideline range would have been 24 months even if he had not been sentenced under ACCA in 1994. Petitioner's original offense, possession of a firearm by a convicted felon, is punishable by 10 years' imprisonment and therefore is a Class C felony. 18 U.S.C. § 3559(a)(1). Petitioner's original PSR reflects that his criminal history category would have been category V without the ACCA enhancement. According to the Revocation Table, Petitioner's supervised release revocation guideline range for a Grade A violation for a Class C felony with a criminal history category of V would have been 30-37 months' imprisonment. However, the statutory maximum sentence for a supervised release violation of a Class C felony is two years in prison. 18 U.S.C. § 3583 (e)(3). Because the guideline range exceeds the 24-month statutory maximum,

the range becomes 24 months. U.S.S.G. § 7B1.4(b)(1). Therefore, he cannot demonstrate that the ACCA designation has prejudiced him in any way with regards to his present supervised release revocation sentence.

Having Petitioner has failed to show "actual prejudice," Petitioner's claim is procedurally defaulted from § 2255 review, no exception applies, and his § 2255 Motion to Vacate is dismissed with prejudice.

## V. PENDING MOTIONS

Both parties have submitted a number of motions which will be addressed in turn. First, Respondent filed a motion for an extension of time to file a response, (Doc. No. 4), that is denied as moot because the Response has been accepted as timely filed.

Second, Respondent has filed a Motion to Seal, (Doc. No. 6), which seeks to restrict the public's access to the Motion to Seal, (Doc. No. 6), and to the Motion to Dismiss, (Doc. No. 5). The Motion to Seal is granted and the Clerk of Court will be instructed to seal those documents.

Third, Respondent has filed a Motion to Dismiss, (Doc. No. 5), arguing that the § 2255 Motion to Vacate is procedurally defaulted and meritless. The Motion to Dismiss is granted for the reasons set forth in the Discussion section, *supra*.

Fourth, Petitioner has filed a Motion to Amend, (Doc. No. 8), in which he argues that he should be permitted to supplement his § 2255 Motion to Vacate with additional argument pursuant to 2244(b)(3), 2255(h)(2), and 15(c)(2), that pertains to the same core of operative fact as his timely-filed § 2255 Motion to Vacate. Petitioner's Motion to Amend is granted to the extent that the Court has considered these supplemental arguments in support of the § 2255 Motion to Vacate.

Finally, Petitioner has filed a Motion for Default Judgment, (Doc. No. 9), in which he argues that § 2255 relief should be granted because Respondent failed to respond to the Court's

Order to respond to the § 2255 petition, (Doc. No. 3). Respondent filed a Motion to Dismiss, (Doc. No. 5), in response to the Court's Order. Therefore, no default occurred and Petitioner's Motion for Default Judgment is denied.

## VI. CONCLUSION

For the reasons stated herein, the Court denies and dismisses Petitioner's motion to vacate with prejudice as procedurally defaulted.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** with prejudice.

(2) Respondent's motion for an extension of time to file a response, (Doc. No. 4), is **DENIED** as moot.

(3) Respondent's Motion to Seal, (Doc. No. 6), is **GRANTED** and the Clerk is instructed to **SEAL** docket entries 5 and 6.

(4) Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5), is **GRANTED**.

(5) Petitioner's Motion to Amend, (Doc. No. 8), is **GRANTED** insofar as Petitioner's supplemental arguments in support of the § 2255 Motion to Vacate have been considered by the Court.

(6) Petitioner's Motion for Default Judgment, (Doc. No. 9), is **DENIED**.

(7) The Clerk of Court is instructed to mail a copy of this Order to the Fourth Circuit Court of Appeals, noting **case number 18-1158**.

(8) IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 7, 2018

Robert J. Conrad, Jr.
United States District Judge